DBW TL Holdco 2014, LLC v Kirk (2021 NY Slip Op 00544)





DBW TL Holdco 2014, LLC v Kirk


2021 NY Slip Op 00544


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-11063
 (Index No. 608673/17)

[*1]DBW TL Holdco 2014, LLC, respondent,
v
Robert P. Kirk, Jr., etc., et al., defendants, Kathleen M. Kirk, etc., appellant.


John R. Lewis, Jr., Esq., P.C., Farmingdale, NY, for appellant.
Bronster LLP, New York, NY (Don Abraham of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a tax lien, the defendant Kathleen M. Kirk appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered August 29, 2019. The order denied that defendant's motion pursuant to Nassau County Administrative Code § 5-50.0(b), in effect, to direct the Nassau County Treasurer to allow satisfaction of the tax lien by her in accordance with the terms set forth in Nassau County Administrative Code § 5-50.0(a)(1).
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Kathleen M. Kirk pursuant to Nassau County Administrative Code § 5-50.0(b), in effect, to direct the Nassau County Treasurer to allow satisfaction of the tax lien by her in accordance with the terms set forth in Nassau County Administrative Code § 5-50.0(a)(1) is granted.
In August 2017, the plaintiff commenced this action to foreclose a tax lien on certain real property owned by the defendant Kathleen M. Kirk (hereinafter the defendant) and her former husband, the defendant Robert P. Kirk, Jr. (hereinafter Kirk). The plaintiff subsequently moved for a judgment of foreclosure and sale and for an award of attorney's fees. The defendant opposed only that branch of the plaintiff's motion which was for an award of attorney's fees from her. In an order dated March 12, 2019, the Supreme Court denied that branch of the plaintiff's motion which was for an award of attorney's fees from the defendant, and otherwise granted the motion. On March 19, 2019, the Supreme Court entered a judgment of foreclosure and sale, which, inter alia, awarded the plaintiff attorney's fees in the sum of $30,956.90 from Kirk. This Court, in a related appeal, affirms that judgment insofar as appealed from (DBW TL Holdco 2014, LLC v Kirk, ___ AD3d ___ [Appellate Division Docket No. 2019-05963; decided herewith]).
Subsequent to the issuance of the judgment of foreclosure and sale, the defendant moved pursuant to Nassau County Administrative Code § 5-50.0(b), in effect, to direct the Nassau County Treasurer to allow satisfaction of the tax lien by her in accordance with the terms set forth in Nassau County Administrative Code § 5-50.0(a)(1). In an order entered August 29, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
By virtue of the plaintiff's commencement of the instant foreclosure action, the Nassau County Treasurer was prohibited from allowing satisfaction of the tax lien or receiving [*2]payments therefor without a court order (see Nassau County Administrative Code § 5-50.0[b]). Accordingly, the defendant properly moved, pursuant to Nassau County Administrative Code § 5-50.0(b), in effect, to direct the Nassau County Treasurer to allow satisfaction of the lien.
Pursuant to Nassau County Administrative Code § 5-50.0(a)(3), in order to satisfy a tax lien after commencement of a foreclosure action, the person satisfying same must pay: (a) the sums set forth in Nassau County Administrative Code § 5-50.0(a)(1) and (2); and (b) "the bill of costs as prescribed in [Nassau County Administrative Code § ] 5.65.0," which includes the plaintiff's "reasonable counsel fees" (Nassau County Administrative Code § 5-65.0[c]). However, pursuant to Nassau County Administrative Code § 5-51.0(f), if the plaintiff fails to serve the notice to redeem prior to commencing an action to foreclose, then the plaintiff is precluded from recovering costs, i.e., attorney's fees, provided that the defendant "offers to pay the penalties allowed by law at any time before final judgment is entered."
As discussed in this Court's decision and order in the related appeal (see DBW TL Holdco 2014, LLC v Kirk, ___ AD3d ___ [Appellate Division Docket No. 2019-05963; decided herewith]), inasmuch as the plaintiff failed to properly serve the defendant with the notice to redeem and the defendant offered to pay the penalties allowed by law prior to the entry of the final judgment in accordance with Nassau County Administrative Code § 5-51.0(f), the plaintiff was precluded from recovering attorney's fees from the defendant.
Where, as here, the plaintiff fails to serve the notice to redeem and the defendant offers to pay the penalties allowed by law, i.e., offers to satisfy the lien, prior to entry of final judgment in accordance with Nassau County Administrative Code § 5-51.0(f), then Nassau County Administrative Code § 5-50.0(a)(1) applies and provides the terms upon which the defendant may satisfy the lien. Nassau County Administrative Code § 5-50.0(a)(1) allows a property owner to satisfy the tax lien at any time before the sale in an action to foreclose the lien, and specifically, prior to service of the notice to redeem. Under Nassau County Administrative Code § 5-50.0(a)(1), a property owner may satisfy the tax lien by payment to the Nassau County Treasurer of the sum for which the tax lien was purchased, the subsequent taxes paid by the purchaser, and interest and penalties as provided in Nassau County Administrative Code § 5-40.0. Nassau County Administrative Code § 5-50.0(a)(1) does not require the owner to pay the plaintiff's attorney's fees. Thus, contrary to the Supreme Court's determination, the defendant was not required to pay the attorney's fees assessed solely against Kirk in order to satisfy the lien.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to Nassau County Administrative Code § 5-50.0(b), in effect, to direct the Nassau County Treasurer to allow satisfaction of the tax lien by her in accordance with the terms set forth in Nassau County Administrative Code § 5-50.0(a)(1).
MASTRO, A.P.J., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court